# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WAYNE B. SKEES,

    Petitioner,

vs.

J. BENEDETTI, et al.,

    Respondents.

Case No. 3:10-CV-00213-RCJ-(RAM)

**ORDER**

    Petitioner has submitted an amended petition (#9). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the court will dismiss this action because the amended petition (#9) is without merit on its face.

    Pursuant to an agreement in the Second Judicial District Court of the State of Nevada, petitioner pleaded guilty to one count of burglary in Case No. CR06-1647. That is the judgment at issue in this action. In a companion case, Case No. CR06-1646, petitioner pleaded guilty to another count of burglary. Petitioner's direct appeal and post-conviction petition in the state courts were unsuccessful.

    The court analyzes ground 2 first because it is the pivotal ground in this action. Petitioner alleges that in Case No. CR06-1646, the prosecution agreed that no other charges would be filed. After petitioner pleaded guilty, he told counsel about this provision of the agreement, and counsel warned him that if he did not go through with the plea bargain then the prosecution would pursue charges of habitual criminality against petitioner. Petitioner filed a proper person motion to withdraw the guilty plea. The prosecution then filed an amended information to include habitual-criminal charges. Petitioner then withdrew his motion. Petitioner claims (1) that the conviction in CR06-1647 is unconstitutional based

upon the agreement in CR06-1646 and (2) that his guilty plea was coerced because the prosecution charged him with habitual criminality when he tried to withdraw his plea.

Petitioner's own exhibits disprove his first contention. The plea agreement in CR06-1646 states, in relevant part and with added emphasis:

> 7. In exchange for my plea of guilty, the State, my counsel and I have agreed to recommend the following: The State will concur with the recommendation of the Division of Parole and Probation. The state will not seek the habitual criminal statute nor will the State file any additional uncharged acts <u>arising from this incident</u>.

Petitioner's interpretation of that provision is flawed because he ignores the emphasized phrase. The incident that led to the burglary charge in CR06-1647 is not the same incident that led to the burglary charge in CR06-1646. At the plea hearing, the prosecutor explained to petitioner:

> MS. PARTIN: Mr. Skees, you have basically pled guilty to two counts of burglary. In case CR06-1647 you have pled guilty to NRS 206.060, Subsection (1), which is a felony. On the 12th day of May, 2006, or thereabout, within the County of Washoe, State of Nevada, you did willfully and unlawfully enter a certain Costco store located at 2200 Harvard Way, Reno, Washoe County, with the intent then and there to commit larceny therein.
> In case CR06-1646, also burglary, a violation of NRS 205.060, Subsection (1), a felony, on the 15th day of May, 2006, or thereabout, County of Washoe, you did willfully and unlawfully enter a certain Costco store located at 2200 Harvard Way with the intent then and there to commit larceny.

There were two separate incidents of burglary, on two separate days, that were charged in two separate cases. The transcript of the sentencing hearing provides some context. Petitioner was entering the Costco store and stealing bottles of Dom Perignon champagne. The "additional uncharged acts arising from this incident" that the prosecution agreed not to pursue in CR06-1646 was not the burglary three days earlier in CR06-1647. The additional uncharged acts were the other crimes that the prosecution could have charged in CR06-1646, most likely larceny or attempted larceny. Given petitioner's criminal history, as outlined at the sentencing hearing, and the judge's reaction to that history, the agreement probably spared petitioner from some additional consecutive sentences.

Petitioner's second contention is also without merit. In exchange for a plea of guilty, the prosecution may drop charges that the prosecution could have pursued at trial, and the prosecution may add charges if the defendant insists on going to trial, as long as the prosecutor has probable cause to believe that the defendant committed those crimes. Such decisions by the prosecutor are not coercion

to plead guilty, but the natural consequences of plea bargaining. <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363-65 (1978). At the sentencing hearing, the prosecutor noted that petitioner had 14 prior convictions. The amended information that petitioner attached to his amended petition (#9) shows that at least three of those convictions were for felonies, and thus petitioner was subject to being sentenced as a habitual criminal pursuant to Nev. Rev. Stat. § 207.010. Petitioner might have felt pressure to plead guilty, but that was not a result of coercion. It was a result of being offered a deal that led to very favorable sentences compared to what he could have received. Ground 2 is without merit on its face.

The court will not grant a certificate of appealability on this ground. Reasonable jurists would not find debatable that the written plea agreement simply does not state what petitioner argues it states, and that the law is clear on the relationship between the addition or removal of charges and plea agreements.

In ground 3, petitioner claims that he tried to inform the district court about a conflict between him and his attorney, but that the district court would not address the issue. The Sixth Amendment does not guarantee petitioner a conflict-free relationship with his counsel, but it does protect him if "the conflict between [him] and his attorney prevented effective assistance of counsel." <u>Schell v. Witek</u>, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc) (citing <u>Morris v. Slappy</u>, 461 U.S. 1, 13-14 (1983) ("Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel.")). In this case, plaintiff alleges that the conflict was counsel's attempt to coerce petitioner into a plea agreement. As noted above, petitioner was not coerced into a plea agreement simply because the prosecution would have pursued far more serious charges had petitioner decided to go to trial. Furthermore, sometimes counsel is most effective when he lays out, perhaps in colorful language, the likely consequences of a client's desired strategy. Petitioner probably was unhappy to receive such unpleasant advice, but his unhappiness did not make counsel ineffective. Ground 3 is without merit on its face.

The court will not grant a certificate of appealability on this ground. Reasonable jurists would not find debatable that the ground is based upon petitioner's incorrect interpretation of the plea agreement and the prosecution's ability to bring additional charges if the plea agreement is not accepted.

In ground 4, petitioner was denied the opportunity to participate in the mental health court because he was targeted by the Reno police and the prosecutor as a repeat offender. The transcript of the sentencing hearing shows that neither the police nor the prosecutor kept petitioner from mental health court. Petitioner's counsel argued that the judge should place petitioner into mental health court, and the prosecutor argued against placement. Ultimately, the judge, not the prosecutor or the police, decided against sending petitioner to the mental health court. Ground 4 has no basis in fact, and it is without merit.

The court will not grant a certificate of appealability on this ground. Upon reading the transcript of the sentencing hearing, reasonable jurists would not find debatable this court's determination that the trial judge, not the police or the prosecutor, declined to send petitioner to mental health court.

In ground 5, petitioner claims that his counsel provided ineffective assistance. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The court's decision on ground 2 disposes of most of petitioner's contentions. Petitioner claims that counsel: (1) Failed to enforce the plea bargain in CR06-1646; (2) failed to object to the breach of the plea bargain in CR06-1646; (3) failed to object to the prosecutor's coercive use of the habitual-criminal provision; and (4) caused petitioner's plea to be unknowing and involuntary because of his own coercive behavior. As the court noted in ground 2, petitioner's interpretation of the plea agreement in CR06-1646 is faulty, and he was not coerced into pleading guilty simply because the prosecution could have pursued habitual-criminal charges if petitioner went to trial. Consequently, none of counsel's actions were deficient performance.

Petitioner's fifth claim of ineffective assistance of counsel also is without merit. Petitioner alleges that counsel failed to object to the invidious discrimination against petitioner by being classified as a repeat offender, and that counsel himself constantly referred to petitioner as a target of the repeat-offender squad. Petitioner is a repeat offender: At the time of sentencing he had at least 14 criminal convictions, and based upon the amended information at least 3 of those convictions qualified him for treatment as a habitual criminal. Petitioner knew it, the prosecutor knew it, the parole and probation officer knew it, and the court knew it. Petitioner claims that counsel was ineffective because he referred to petitioner's criminal history, but counsel simply was stating the obvious in his attempt to further minimize petitioner's sentence. Counsel would have been far less effective if he tried to pretend that petitioner's criminal history did not exist. This claim of ineffective assistance of counsel is without merit.

Reasonable jurists would not find these conclusions to be debatable, and the court will not issue a certificate of appealability on ground 5.

In ground 1, Petitioner alleges that when he was arrested, he was under the influence of narcotics and unable to make a rational decision. He further alleges that Costco's store detectives and the Reno police questioned him without advising him of his rights, and that they kept him from an attorney until they coerced a confession from him. These allegations are a claim that petitioner's privilege against self-incrimination, guaranteed by the Fifth Amendment, was violated. These events preceded his plea of guilty, and petitioner has waived this claim by pleading guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Ground 1 is without merit on its face.

Reasonable jurists would not find this conclusion to be debatable, and the court will not issue a certificate of appealability on ground 1.

Petitioner has submitted an application to proceed in forma pauperis (#11), which is moot because he has paid the filing fee (#4).

Petitioner has submitted a motion for appointment of counsel (#12), which is moot because the court is dismissing this action.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#11) is **DENIED** as moot.

IT IS FURTHER ORDERED that the motion for appointment of counsel (#12) is **DENIED** as moot.

IT IS FURTHER ORDERED that the amended petition for a writ of habeas corpus (#9) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: This 1st day of October, 2010.

_____
ROBERT C. JONES
United States District Judge